Nelson, Ch. J.
The defendant having consented to become bound as surety for the rent of the premises leased to Mrs. Knowlton, it is but reasonable to presume that, if he was not well acquainted with her situation before, he then made some enquiries into her circumstances and condition, and thus became fully possessed of the facts which he now sets up as a ground of discharge.
But conceding that the defendant had no knowledge of the social condition of Mrs. Knowlton, and that he supposed she would be legally holden for the rent as it accrued, I am still of the opinion that he is liable on his contract. The doctrine for which his counsel contends is thus stated by Theobald: “ The obligation of the surety being accessory to the obligation of some person who is the principal debtor,' it is of its essence that there should be a valid obligation of a principal debtor. The nullity of the principal obligation, necessarily induces the nullity of the accessory.” (Theob. Prin. & Sur. 2.) This is undoubtedly correct as a general rule; but it has its exceptions, and the case before us is one of them,
Mr. Chitty says: “ The rule that a party cannot be liable upon a contract of guarantee, unless the principal has incurred a legal responsibility, is true, in some instances, in form or words, rather than in substance. (Chitty On Contr. 499.) He *118 adds: “ In the case of a guarantee to answer for the price of goods to be supplied to a married woman, or goods (not necessaries) to bo sold to an infant, or other persons incompetent to contract, no doubt the party guaranteeing, though professedly contracting only in the character of surety, would be responsible.” (Id.) He refers to the case of Maggs v. Ames, (4 Bing. 470,) which was an action against the defendant as surety for a married woman.. There the question was whether the undertaking of the defendant was an original one, so as not to require it to be in writing. The court held, that it was collateral, and therefore should have been in writing. But neither the counsel nor court supposed that the defendant would not have been bound, if the contract had been in writing-. On the contrary, that was assumed. In the case of White v. Cuyler, (6 T. R. 176,) it was impliedly at least conceded by Lord Kenyon, that a guarantor or surety for a, feme covert would be liable on his contract. (See also Chitty On Contr. 515; Pitman On Prin. & Surety, 13; Buckmyr v. Darnall, (2 Ld. Raym. 1085;) Harris v. Hunchback, (1 Burr. 373;). Chapin v. Lapham, (20 Pick. 467.)
The doctrine of the civil law is very clear and satisfactory on this subject. It is as follows: “ Although the obligation of a surety be only an accessory to that of the principal debtor, yet he who has bound himself surety for a person who may get himself relieved from his obligation, such as a minor, or a prodigal who is interdicted, is not discharged from his suretiship by the restitution of the principal debtor: and the obligation subsists in his person; unless the restitution were grounded upon some fraud, or other vice which would have the effect to annul the right of the creditor.” (Dom. B. 3, tit. 4, § 1, art. 10, Strahan's ed.) Again: “ If the' principal obligation was annulled only because of some personal exception which the principal debtor had, as if it was a minor, who, in consideration of his being under age, got himself relieved from an engagement by which he suffered some prejudice, and that there had been no fraud on the creditor’s part; the restitution of the minor would have indeed this effect, that it would annul his obligation *119 to the creditor, and his engagement to save harmless his surety, if he desired to be relieved from it. But the said restitution of the minor would not in the least invalidate the surety’s obligation to the creditor. For it was only to mhke good the obligation of the minor, in case he should be relieved from it on account of his age, that the creditor took the additional .security of a surety.” (Id., B. 3, tit. 4, § 5, art. 2; and see 1 Ev. Poth. On Obl. 237.)
I am satisfied that the decision of the court below was right, and that the judgment should be affirmed.
Beardsley, J.
I think the defendaht was estopped from denying the competency of Mrs. Knowlton to.bind herself by the covenant she assumed to execute. The defendant by his covenant admits she was thus bound, and he shall not be allowed to gainsay it by alleging her incapacity to make a legal contract. Had she been induced to enter into this engagement by fraud or imposition, or upon a usurious consideration, the case might have been otherwise ; but the defendant, although a surety, cannot be permitted, on the ground now set up, to deny the legal existence of a covenant which is explicitly conceded by his own deed. (Co. Litt. 352, a, note 306; 1 Stark. Ev. 302, Am. ed. of 1830; Greenl. Ev. §§ 22 to 26, and the notes.)
The judgment of the court below is right, and should be affirmed.
Judgment affirmed.